**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PRESQUE ISLE COLON AND RECTAL SURGERY, on Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>HIGHMARK HEALTH,<br><br>-and-<br><br>HIGHMARK INC. f/k/a HIGHMARK HEALTH SERVICES,<br><br>-and-<br><br>HIGHMARK CHOICE COMPANY f/k/a KEYSTONE HEALTH PLAN WEST, INC.,<br><br>        Defendants. | Civil Action No.: 1:17-cv-00122-BR |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FAIRNESS HEARING**

Upon review and consideration of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the Settlement Agreement, and the exhibits attached to the foregoing, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

**I.  PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

1.  The Court has reviewed the Settlement Agreement, pleadings, and proceedings to date in this matter. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

2.  The Parties have agreed to resolve the above-captioned Action upon the terms and conditions set forth in the Settlement Agreement filed with the Court. The Settlement Agreement,

including all exhibits thereto, is preliminarily approved as sufficiently fair, reasonable, and adequate to authorize dissemination of the Class Notice described below. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and the continuation of the litigation, and finds that the settlement between the Settlement Class and Highmark was arrived at by arm's length negotiations by experienced counsel.

## II. THE SETTLEMENT CLASS, THE CLASS REPRESENTATIVE, AND PLAINTIFF'S CLASS COUNSEL

3. The Court provisionally certifies the following class for settlement purposes only (the "Settlement Class"):

> All physicians physician practices that were independent from any hospital or health system as of December 31, 2018 in Highmark's 29-county Western Pennsylvania service area who treat patients covered by a Highmark health insurance product.

4. Excluded from the Settlement Class are (i) Highmark, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Highmark has a controlling interest, and (ii) judges, justices, magistrates, or judicial officers presiding over the Action.

5. The Court appoints Plaintiff's Class Counsel to represent the Settlement Class as follows:

> Ruben Honik, Esquire
> David J. Stanoch, Esquire
> **Golomb & Honik, P.C.**
> 1835 Market Street, Suite 2900
> Philadelphia PA 19103

For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Plaintiff's Class Counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes.

6. The Court further appoints Plaintiff Presque Isle Colon and Rectal Surgery as representative of the certified Settlement Class.

7. The Court finds, for settlement purposes and conditioned upon the entry of this Order, the Final Order, and the Final Judgment, and the occurrence of the Final Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this settlement, that the following requirements are met: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiff's claims are typical of the claims of the Settlement Class Members that Plaintiff seeks to represent for purposes of settlement; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced counsel to represent them; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

8. The Court also concludes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

9. The Court finds that the settlement falls within the range of reasonableness because it provides for meaningful remediation relative to the merits of Plaintiff's claims and Highmark's

defenses. The settlement also has key indicia of fairness, in that: (1) the negotiations occurred at arm's length and involved, at least in initial part, an experienced private mediator and ADR neutral approved by this District; (2) there was discovery; and (3) the proponents of the settlement are experienced in similar litigation. The Court further finds that there is a sufficient basis for notifying the Settlement Class of the proposed settlement, and for enjoining members of the Settlement Class from proceeding in any other action pending the Court's determination of whether it should finally approve the settlement.

### III.  CLASS NOTICE AND SETTLEMENT ADMINISTRATION

10. The Court approves, as to form and content, the Class Notice attached as an exhibit to the Settlement Agreement.

11. The Court hereby appoints RSM US LLP ("RSM") as the Settlement Administrator. As further set forth in the Settlement Agreement, the Settlement Administrator shall be responsible for, without limitation: (a) preparing and disseminating the email Notice; (b) as set forth in the settlement, preparing and disseminating mail Notice; (c) handling returned email or mail Notices; (d) responding to Class Member inquiries about the settlement; (e) receiving and maintaining on behalf of the Court any Settlement Class member correspondence regarding requests for exclusion and/or objections to the settlement; (f) forwarding written inquiries to the Parties for a response, if warranted; (g) establishing a post-office box for the receipt of any correspondence or other procedure for same; (h) responding to requests from the Parties; (i) establishing a website to which members of the Settlement Class may refer for information about the Action and the settlement; (i) arranging and executing the settlement fund disbursement process; (j) otherwise implementing and/or assisting with the dissemination of the Class Notice;

and (k) carrying out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties.

12. The Settlement Administrator will provide notice to the Settlement Class as follows:

    a. Not later than 30 days following the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall complete the effectuation of the email Notice substantially in the form attached to the Parties' papers.

    b. The Court also approves the establishment of a website for the settlement as described in the Settlement Agreement, which shall include the Settlement Agreement, Orders of the Court relating to the settlement, any application for an Attorneys' Fee and Expense Award and Plaintiff's Service Award, and such other information as the Parties mutually agree would inform the Settlement Class regarding the settlement.

13. The Court finds that the Class Notice described above is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Class Notice complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the Class Notice complies with Rule 23(c)(2), as it is also the best form and manner of notice practicable under the circumstances, provides individual notice to members of the Settlement Class who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

14. Settlement administration costs as set forth in the Settlement Agreement shall be paid by Highmark in accordance with the Settlement Agreement.

## IV. REQUESTS FOR EXCLUSION

15. Each Settlement Class Member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be deemed an Opt-Out. Any member of the Settlement Class wishing to opt out of the settlement must send to the Settlement Administrator, by U.S. Mail using the contact information identified in the notice materials, a signed letter including their name, address, and telephone number and providing a clear and unequivocal statement communicating that they elect to be excluded from the Settlement Class, do not wish to be a Settlement Class Member, and elect to be excluded from any judgment entered pursuant to the settlement.

16. Any request for exclusion or opt out must be postmarked on or before 60 days after entry of this Order. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

17. All Opt-Outs shall not be Settlement Class Members, shall not be bound by the Settlement Agreement or the Final Order or Final Judgment, and shall relinquish their rights to benefits with respect to the Settlement Agreement, should it be approved, and may not file an objection to the Settlement Agreement or to any application for any Attorneys' Fee and Expense Award and Plaintiffs' Service Payments.

18. Any Settlement Class Member who does not become an Opt-Out shall be bound by all the terms and provisions of the Settlement Agreement, including any Release set forth therein, the Final Order, and the Final Judgment, whether or not such Settlement Class Member objected to the settlement.

19.  The Settlement Administrator shall provide copies of any requests for exclusion to Plaintiffs' Class Counsel and Defense Counsel as provided in the Settlement Agreement.

## V.  OBJECTIONS

20.  Any Settlement Class Member who does not become an Opt-Out and who wishes to object to any aspect of the proposed settlement, the requested attorneys' fees and costs, or the service award, must deliver to Plaintiffs' Class Counsel and Defense Counsel (using the contact information identified in the Class Notice) and file with the Court a written statement setting forth and identifying the aspect of the settlement, request for an Attorneys' Fee and Expense Award, or request for Plaintiffs' Service Awards being challenged and that Settlement Class Member's specific grounds for that objection along with any supporting brief and information. The objection must be electronically filed with the Court by, and be sent to counsel in first-class mail postmarked by, 70 days after the date of this Order (as to the Settlement Agreement), and 7 days after the filing of a motion for award of attorneys' fees, costs, or service award. In addition to being filed the Court, any objection also should be sent via first-class mail, postage prepaid, to each of:

*Plaintiff's Class Counsel:*

>  Ruben Honik, Esquire
>  David J. Stanoch, Esquire
>  **Golomb & Honik, P.C.**
>  1835 Market Street, Suite 2900
>  Philadelphia PA 19103

*Defense Counsel:*

>  Daniel I. Booker, Esquire
>  William J. Sheridan, Esquire
>  **Reed Smith LLP**
>  225 Fifth Avenue
>  Pittsbrugh, PA 15222

21. To be considered, any such objection shall include the specific reason(s), if any, for the objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention, any evidence or other information the Settlement Class Member wishes to introduce in support of the objections, and sufficient information for the Parties to determine that the Objector falls within the definition of the Settlement Class.

22. No member of the Settlement Class or counsel retained by such a member of the Settlement Class shall be entitled to be heard at the Fairness Hearing unless the Objector or his or her attorneys who intend to make an appearance at the Fairness Hearing state their intention to appear in the objection delivered to Plaintiffs' Class Counsel and Defense Counsel and filed with the Court in accordance with the preceding Paragraphs. Counsel for any such member of the Settlement Class must enter his or her appearance with the Court by the date specified in Paragraph 23.

23. Any Settlement Class Member who fails to file and serve a valid and timely written objection in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

## VI. FAIRNESS HEARING

24. The Fairness Hearing shall be held before this Court on February 25, 2020, at 10 a.m., to determine whether the Settlement Agreement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Plaintiff's Class Counsel's separate application for any Fee and Expense Award and any Plaintiff's Service Award, at or after that time.

25. Any Settlement Class Member may enter an appearance in this Action, at his or her own expense, individually and through counsel. All Settlement Class Members who do not enter an appearance will be represented by Plaintiff's Class Counsel.

26. Papers in support of final approval of the Settlement Agreement and the Fee and Service Award Application shall be filed with the Court according to the schedule set forth below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

## VII. STAY OF LITIGATION

27. Pending the Fairness Hearing, all proceedings in this case, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

## IX. OTHER PROVISIONS

28. In summary, the relevant dates for the settlement approval process are as follows:

a. The Settlement Website will be operational, and email Notice will be effectuated, within 30 days of this Order;

b. Settlement Class Members who desire to opt-out of the settlement shall do so within 60 days of this Order;

c. Settlement Class Members who desire to object to the settlement shall do so within 70 days of this Order;

  d. Plaintiff's Class Counsel shall file any Motion for Attorneys' Fees, Costs, and Service Award, as well as a Motion for Final Approval, not later than 10 days before the Final Fairness Hearing;

  e. Settlement Class Members who desire to object to any Motion for Attorneys' Fees, Costs, and Service Award shall do so within 7 days after the filing of such motion;

  f. The Fairness Hearing shall be held on February 25, 2020, at 10 a.m. this Court, in Courtroom 8B at the following address:

United States Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

29. These dates may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class, except that notice of any such extensions shall be posted to the Settlement Website. Members of the Settlement Class should check the Settlement Website regularly for updates, changes, and/or further details regarding extensions of these deadlines.

30. Plaintiff's Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

31. This Court shall maintain continuing jurisdiction over these settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

IT IS SO ORDERED, this 12th day of November, 2019.

*Barbara J. Rothstein*
HONORABLE BARBARA J. ROTHSTEIN, U.S.D.J.