UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESQUE ISLE COLON AND RECTAL SURGERY, on Behalf of Itself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>vs.<br><br>HIGHMARK HEALTH,<br><br>-and-<br><br>HIGHMARK INC. f/k/a HIGHMARK HEALTH SERVICES,<br><br>-and-<br><br>HIGHMARK CHOICE COMPANY f/k/a KEYSTONE HEALTH PLAN WEST, INC.,<br><br>          Defendants. | Civil Action No.: 1:17-cv-00122-BR |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

WHEREAS, the Court, having considered the Settlement Agreement dated October 31, 2019 (the "Settlement Agreement") and the November 12, 2019 and Order granting preliminary approval (ECF 59); having held a Fairness Hearing on February 25, 2020; having considered all of the submissions and arguments with respect to the settlement; and having granted Plaintiff's Unopposed Motion For Final Approval of the Class Settlement, and otherwise being fully informed, and good cause appearing therefore;

IT IS HEREBY ORDERED AS FOLLOWS:

1.  Upon consideration of Plaintiff's Unopposed Motion For Attorneys' Fees, Costs, and Service Award, Golomb & Honik, P.C., as Plaintiff's Class Counsel, and pursuant to the Settlement Agreement, are hereby awarded attorneys' fees in the amount of $517,500, and costs in the amount of $9,779.27, to be paid in accordance with the Settlement Agreement.

1

2.  In evaluating a request for fees and reimbursement of costs, the Court finds the lodestar method and its application, as set forth in Plaintiff's Unopposed Motion, is proper.

3.  Particularly, among other things, courts in this Circuit generally consider class counsel's hours reasonably worked multiplied by reasonable hourly billing rates, and further multiplied by a "lodestar multiplier." *See, e.g., In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005).

4.  Plaintiff's Class Counsel's hours and rates, submitted in detail in Plaintiff's Unopposed Motion, are reasonable. Plaintiff's Class Counsel appropriately staffed the case with experienced counsel using reasonable rates and hours within the norms per which this litigation proceeded. Further, the requested lodestar multiplier is within the range approved by courts in this District and Circuit. The amount of attorneys' fees is fair and reasonable pursuant to the amount of work that went into the litigation of the case and Plaintiff's Class Counsel's continued work on the administration and payment of Settlement Class Member claims and their representation of Settlement Class Members throughout this litigation because, among other things:

a. The claims against Highmark required substantial time and labor;

b. Plaintiff's Class Counsel were precluded from other employment as a result of taking this litigation;

c. The requested fee is customary and comports with fees awarded in similar cases;

d. Plaintiff's Class Counsel undertook numerous and significant risks on behalf of members of the Settlement Class with no guarantee that they would be compensated; and

e. Plaintiff's Class Counsel obtained a desirable result.

5. The Court further finds that litigation costs in the amount of $517,500, as set forth in detail in Plaintiff's Unopposed Motion, are reasonable and fair based upon the litigation and reflects a percentage well within that approved by other courts in common benefit fund settlements.

6. Service awards "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 333 n.65 (3d Cir. 20011) (en banc) (internal quotations and citation omitted). Upon consideration of Plaintiff's Class Counsel's request for a service award for Plaintiff in this litigation, and with the acknowledgement of his efforts to come forward and act as Plaintiff and the settlement class representative in this case, Plaintiff is hereby awarded service award in the amount of $10,000.00, to be paid in accordance with the Settlement Agreement.

7. Within the time frame contemplated by the Settlement Agreement, Highmark shall cause a wired deposit from the Settlement Fund to be made into an attorney client trust account to be designated by Class Counsel. After attorneys' fees, costs, and the Service Award have been deposited into this account, Class Counsel shall be solely responsible for allocating such attorneys' fees, costs, and the Service Award.

IT IS SO ORDERED, this 25th day of February, 2020.

BY THE COURT:

_____
HONORABLE BARBARA J. ROTHSTEIN, U.S.D.J.