UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRESQUE ISLE COLON AND RECTAL SURGERY, on Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>HIGHMARK HEALTH,<br><br>-and-<br><br>HIGHMARK INC. f/k/a HIGHMARK HEALTH SERVICES,<br><br>-and-<br><br>HIGHMARK CHOICE COMPANY f/k/a KEYSTONE HEALTH PLAN WEST, INC.,<br><br>        Defendants. | Civil Action No.: 1:17-cv-00122-BR |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

Upon review and consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), the Settlement Agreement, and the exhibits attached to the foregoing, it is HEREBY ORDERED, ADJUDGED, and DECREED as follows:

    1.    This Final Order incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits and the Preliminary Approval Order and its exhibits. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and the accompanying Final Judgment.

    2.    The Court has jurisdiction over this above-captioned case, and all Parties in the above-captioned Action, including but not limited to, all Settlement Class Members, for all matters relating to this Action and the settlement, including, without limitation, the administration,

1

interpretation, effectuation and/or enforcement of the settlement, the Settlement Agreement, this Final Order, or the Final Judgment.

## I. THE SETTLEMENT CLASS

3. In the Preliminary Approval Order, the Court preliminarily certified the following Settlement Class:

> All physicians and physician practices that were independent from any hospital or health system as of December 31, 2018 in Highmark's 29-county Western Pennsylvania service area who treat patients covered by a Highmark health insurance product.

4. Excluded from the Settlement Class are (i) Highmark, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Highmark has a controlling interest, and (ii) judges, justices, magistrates, or judicial officers presiding over the Action.

5. The Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23.

6. The Court preliminarily determined that the above-identified Plaintiff Presque Isle Colon and Rectal Surgery met the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a), thus qualifying it to serve as class representative of the Settlement Class, and hereby finally approves that appointment.

7. The Court also preliminarily determined that the following counsel for the Settlement Class met the adequacy requirement of Federal Rule of Civil Procedure 23(a), thus qualifying them to serve as class counsel, and hereby finally approves the appointment of the following counsel as class counsel:

> Ruben Honik, Esq.
> David J. Stanoch, Esq.
> Golomb & Honik, P.C.
> 1835 Market Street, Suite 2900
> Philadelphia PA 19103

## II.     CLASS NOTICE

8.      The record shows, and the Court finds, that the Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied the due process requirements of the United States Constitution, Fed. R. Civ. P. 23, and any other applicable law.

9.      Due and adequate notice of the Fairness Hearing having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class Members except those Opt-Outs identified as follows are bound by this Final Order and the Final Judgment:

Akiko Motomura, Ph.D.

Family Professional Center PC

Patricia S. Jakiel

Pennsylvania Allergy Associates, Inc.

Smith Chiropractic & Wellness

Activecare Physical Therapy, LLC

### III.   FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

10.   The Court finds that the Settlement resulted from extensive arms-length, good-faith negotiations between the Parties, through experienced counsel, and with the assistance and oversight, at least in part, of an experienced mediator, Mr. E.J. Strassburger.

11.   Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiff's claims and any defenses thereto.

12.   The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), including but not limited to the following:

   a.   This case would be complex, expensive, and time-consuming and would have continued to be so through summary judgment and/or trial if the case had not settled;

   b.   Class counsel had a well-informed appreciation of the strengths and weaknesses of their case while negotiating the settlement;

   c.   Class counsel and the Settlement Class would have faced numerous and substantial risks in establishing liability and/or damages if they decided to continue to litigation rather than settle;

   d.   The settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to both liability and damages;

    e.  The settlement also satisfies the additional factors set forth in *In re: Prudential Ins. Co. Am. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998).

Accordingly, the Court hereby finally approves in all respects the Settlement, as memorialized in the Settlement Agreement.

  13.  The Court held a Fairness Hearing, and has considered all objections or comments, timely and proper or otherwise, to the settlement and denies and overrules them as without merit.

## IV. DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION

  14.  This Action is hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

  15.  The Court approves the Parties' plan to distribute the Class Settlement Fund as set forth in the Settlement Agreement.

  16.  As provided for in the Settlement Agreement, as of the Effective Date, Plaintiff and each Settlement Class Member who did not validly opt out of the Settlement and each of their respective heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors, and assigns, and all those acting or purporting to act on their behalf shall be completely, finally, and forever barred from asserting the Released Claims against the Released Parties.

  17.  The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties. The Court thus hereby permanently bars and enjoins each Releasing Party, including Plaintiff, from directly, indirectly, representatively, as a member of or on behalf of the general public, or in any capacity, filing, commencing, prosecuting, participating in, or receiving any benefits from, any lawsuit,

arbitration, or administrative, regulatory or other proceeding in any jurisdiction in which any of the Released Claims is asserted.

## V. OTHER PROVISIONS

18. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains jurisdiction over the Parties and each Settlement Class Member (including objectors) regarding the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator.

19. The Parties are hereby directed to implement and consummate the Settlement, as set forth in the terms and provisions of the Settlement Agreement.

20. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

21. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

22. The Clerk of the Court is hereby directed to CLOSE THIS FILE.

IT IS SO ORDERED, this 25th day of February, 2020.

BY THE COURT:

*Barbara J Rothstein*
HONORABLE BARBARA J. ROTHSTEIN, U.S.D.J.